**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| **GAIGE ANTHONY WHITE** | **CIVIL ACTION** |
| **VERSUS** | **NO. 20-3298** |
| **FLOYD BROOKS, ET AL.** | **SECTION "E"(4)** |

<u>**REPORT AND RECOMMENDATION**</u>

Before the Court is plaintiff Gaige Anthony White's **Motion for Temporary Restraining Order (ECF No. 20)** seeking a show cause hearing why injunctive relief should not be granted against the defendants.  The motion was referred to a United States Magistrate Judge to conduct a hearing, including an evidentiary hearing, if necessary, and to submit proposed findings and recommendations for disposition, pursuant to 28 U.S.C. § 636(b)(1)(B) and (C), § 1915e(2), and § 1915A, and as applicable, 42 U.S.C. § 1997e(c)(1) and(2).  For the reasons that follow, White's motion should be denied without a hearing.

I.      <u>**Background**</u>

White is an inmate in the B.B. "Sixty" Rayburn Correctional Center ("RCC").  He filed this civil action asserting claims of past excessive force by prison officials at RCC and inadequate care for his mental illness and gender confusion.  His complaint describes incidents of what he believes to have been unnecessary physical force by RCC officers attempting to control or prevent White's self-mutilation of his genitalia.  White now seeks injunctive relief but has failed to provide a basis for his request.

II.     <u>**Standards of Review**</u>

An injunction "is an extraordinary and drastic remedy, not to be granted routinely, but only when the movant, by a clear showing, carries the burden of persuasion." *White v. Carlucci*, 862

F.2d 1209, 1211 (5th Cir. 1989).  An injunction is to be the exception, not the rule.  *Miss. Power & Light Co. v. United Gas Pipe Line Co.*, 760 F.2d 618, 621 (5th Cir. 1985).

Fed. R. Civ. P. 65 sets forth the basic framework for the issuance of a temporary restraining order.  Under this rule, an injunction may issue "only on notice to the adverse party."  For a temporary restraining order to be issued under Rule 65 without notice to all parties, a plaintiff is required to present "specific facts in an affidavit or a verified complaint [that] clearly show that immediate and irreparable injury, loss, or damage will result to [plaintiff] before the adverse party can be heard in opposition."  The plaintiff also must certify "in writing any efforts made to give notice and the reasons why it should not be required."  Fed. R. Civ. P. 65 (b)(1).

## III.    Discussion

White's motion bears no indication that he served defendants or made an effort to notify defendants before filing his motion.  Nevertheless, White's motion is absolutely devoid of any argument or reasons why a TRO should be issued in this case.  White asserts that he provided supporting affidavits and a memorandum of law with his motion.  ECF No. 20, at 1.  However, no such documentation has been filed into the record.  Instead, his motion is no more than a proposed show cause order with no substantive argument to meet the rigorous standards necessary to award a TRO.  White's bare motion should be denied.

## IV.    Recommendation

It is, therefore, **RECOMMENDED** that White's **Motion for Temporary Restraining Order (ECF No. 20)** be **DENIED**.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation **within fourteen (14) days** after being served with a copy shall bar that party, except upon grounds of plain error, from

attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object.  *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996).[1]

New Orleans, Louisiana, this __22nd__ day of September, 2021.

KAREN WELLS ROBY
UNITED STATES MAGISTRATE JUDGE

---

[1]*Douglass* referenced the previously applicable ten-day period for the filing of objections.  Effective December 1, 2009, 28 U.S.C. § 636(b)(1) was amended to extend the period to fourteen days.